Smith, J.
The amended petition of Gerwe the plaintiff below avers, that the defendant was a corporation, engaged in manufacturing fireworks at Reading, in this county, and operated a plant there, and that the plaintiff was in the service of the defendant company as a laborer at said plant, January 30, 1893. That on said date defendant used inflammable and explosive substances and material about its plant, and required plaintiff to handle and work with and about it, and wrongfully, negligently and knowingly had and used in and about said plant a certain dry house in which its said fireworks dried, and unlawfully, negligently and knowingly used and operated a stove in said dry house,and wrongfully, negligently and knowingly suffered and permitted the said stove to be heated with fire and to be managed by a minor seventeen years old, who was then incompetent to doit with safety and without danger to the plaintiff, who was then and there required by the defendant to work in another building about fifty feet distant'from the dry house, of all of which premises and matters the plaintiff was then and there ignorant and without knowledge. By means whereof, while *421 the plaintiff on said day was in the service of the defendant, and without any negligence or default on his part, an explosion occurred on said day in said dry house, and without any notice or warning to him, which explosion caused to ignite and explode the inflammable and explosive material about which plaintiff was at work, whereby he was seriously and dangerously injured in the sum of $10,100,00, for which he asked a judgment. The answer admits the corporate character of the defendant; and the control and operation by it of the plant described, and that plaintiff was in its service on that day as a laborer in said plant, and denied each and every other allegation of the petition.
At the close of the testimony offered by the plaintiff, thetiral court on the motion of.the defendant withdrew the evidence from the jury, and directed a verdict for the defendant which was rendered. To this, counsel for plaintiff excepted and filed a motion for a new trial, which was overruled and an exception taken, and a bill of exceptions was duly allowed containing all of the evidence submitted in this case— and this petition in error is filed seeking the reversal of said judgment.
The evidence in the case tended to show, or did show7, this state of fact: At the time the plaintiff was injured he was about twenty-four or twenty-five years of age, and had been engaged in the same employment for defendant company for three months before. What was knowm as the dry house was a small frame building, about 8x10 feet, fitted up with shelves on each side, with a narrow passage in the center. At one side or end of it was a very small place in which there was a small cannon stove, heated by coal, and between this and the other part of the dry house was a wire screen eight feet high extending to the top of the room, to keep, out the sparks,but to allow the heat to go into the dry room. When the plaintiff was first employed, three months before he was hurt, he was put to work in another small frame, *422 building about fifty or sixty feet from the dry house,nothing intervening between the two. He was set to work making stars. At that time two other boys were at work there— one of them, Henry Horne, had been there for some time before. He was about seventeen years and a half old, a bright boy, and tall as an ordinary man. The superintendent of defendant company took the plaintiff into this second building, and set him at'work making the stars, and told the Horne boy, who was at work at the same thing,to show him how to make them, and what he was to do. The stuff from which the stars were made was mixed by the superintendent and brought into this building, and placed on a table, and •stirred and dampened if necessary by the workmen, and by them passed into little moulds. When a sufficient number was so pressed, they would be placed on a fray and carried by the workmen into the dry house and removed to a shelf and the tray taken back. The stars placed on the shelf would be dry in one or two days, and then be placed by these workmen in kegs on the floor of the dry house until removed to a magazine some distance away. About a month after plaintiff was there, there was a small explosion in this building, and after that he knew that they were not allowed to smoke or have matches, and that the rules prohibited all such things. It was the usage of the plaintiff and Horne and any others employed in making these stars, to sweep the floor of these two buildings when they thought it was needed, and as he says, when any one of them went to the dry house and thought that there should be more heat from the stove, to put coal into it. Plaintiff seems to have acted generally under the direction of the young man Horne, He says: “I never had any directions from anybody, only this boy Horne. Whenever he would say “Let’s sweep,’’ I would go with him; I was ignorant, and I used to go with him and sweep. ”
*423 On the day the plaintiff was injured the evidence shows or tends to show this state of fact: Horne and plaintiff were the only persons at work in the building. Both were there at the starting time — twenty or twenty-five minutes to seven a. m. The last the plaintiff saw of Horne, both were busy at work. Horne finished his tray, and went over to the dry house with his tray of stars, and plaintiff never saw him again - — Horne was killed by the explosion. This was about half past seven; Gerwe had been at the dry house in the morning, and got a tray of from there, and had taken it to the other house or shanty as they called it.
About 7 or 8 o’clock a. m. the explosion took place. The plaintiff was at work at his bench with about twenty pounds of material in front of him. He felt the shock, and was knocked down, and heard sounds as of broken glass, and was badly burned by fire. Indeed, he was severely and perhaps permanently injured and disabled, and if the explosion was shown to have occurred by reason of the negligence or wrongful conduct of the defendant company, and he did not by his negligence contribute to the injury, unquestionably the case should have gone to the jury, and substantial damages have been returned against the defendant.
But the question presented by the evidence is, what caused the explosion which brought about the injury to the plaintiff, and was it brought about by any negligence or wrongful conduct of the defendant company. It is averred in the petition that the company wrongfully and negligently had and used on its plant a dry house in which the fire works were dried, and wrongfully,negligently and knowingly used and operated a stove in said dry house, and wrongfully, negligently and knowingly permitted the said stove to be heated by fire and to be managed by a minor seventeen years old, who was then and there incompetent to manage said stove in the said dry house with safety, and without danger to the defendant at *424 work in another buiding situate about fifty feet from the dry house, of all of which the plaintiff was ignorant.
There was no express averment in the petition that the dry house was situated too near the shanty used by the plaintiff and others in which to make the stars,or that the stove used was not properly protected, or that on this day it was negligently or improperly managed by Horne, who it is alleged was incompetent to properly do so, or an averment that the explosion was caused by sparks from this stove — or that it was caused by any one of those things. The only averment on this point, and which immediately follows those as to the negligent and wrongful conduct of the defendant company, is this: “By means whereof,on the said date,while the plaintiff was in the service of the defendant company as aforesaid, and without any negligence or default on the part of the plaintiff, an explosion occurred” etc.
It is upon these allegations of negligence that the plain tiff based his case, and it was incumbent on him to show by evidence, or at least tending to show, that negligence in one or more of these particulars existed, and that such negligence was the cause of the explosion which injured him. Clearly there was no evidence tending to show that it was negligence for the company to have a dry house, other than the fact that it was fifty or sixty feet from this shanty, or to have it where it was. No witness, expert or otherwise, so testifies. And it would seem entirely reasonable and proper that there should befhch a place in a business of that kind. Whether the distance at which it was placed from the shanty, made the latter unsafe, was a question of fact to be shown by evidence. Nor is there any evidence that the mode of heating it by a stove was unusual or negligent, or that the screen between the stove and the drying room, (which was a wire screen like a musquito bar), was insufficient or-unsafe, or not suited for the purpose for which it was used. Indeed there is not any evidence which tends to show that the explosion in the dry *425 house, if that were the place where it originated, was from this stove —there is no evidence even, that a fire was in the stove on this morning or for some time previous thereto. On what principle then could a jury or a court rightly presume or guess that the fire from the stove could have caused the explosion? But in addition to this there was no evidence tending to prove that the defendant company entrusted the management of this stove to a minor who was incompetent to manage it, or that it was his incompetency that brought about the injury. The undisputed evidence was that Horne was of sufficient age and experience to properly attend to it —that he was bright and not careless. But as there is nothing which tends legitimately to show that this fire from the stove caused the explosion, this is immaterial. The evidence does not disclose that other persons were not at the dry house. The explosion may have been produced in many other ways. It is shown that Horne a few minutes before it came, left the working room where plaintiff was, and started for the drying room. May he not have dropped his tray of stars, or lighted a cigar, or dropped a match which by friction or otherwise was set on fire and produced the injury? All of these ways of accounting for the explosion are mere speculations, and not a sufficient basis to found a conclusion upon. We understand the rule to be in a ease of this kind that to entitle the case to go to the jury, the evidence must tend to show that the negligence complained of brought about the injury. If it does not do this,the court can properly withdraw it from the jury. Such, we think, was the case here, and the judgment will be affirmed.
J. W. Wolf, and Col. Michie, for Plaintiff.
L. D. Robertson, for Defendant.